Jackson, C. J.
1, Where a case was submitted to the presiding Judge without a jury, on an agreed statement of facts in writing, there was no error, after the facts had been agreed upon, in refusing to open the agreement on motion and insert new and important facts therein. There was certainly no abuse of discretion, as a matter of practice, in so doing. Code §408.
2. Where one in possession of personalty, but without title thereto, sold the property and received the proceeds for his own use, this was a conversation, and a demand and refusal to deliver was not necessary *234 before bringing of an action of travel by the owner; nor does the fact dhat he sold the property in good faith make the act less a conversation than would his refusal ia good faith to deliver the property on demond.
Wm.K. Miller, for plaintiff in error.
F. W. Capers, Jr., for defendant.
3. T., who was the owner of a mule, sold it to G, making a conditional sale, by which tho vender retained title until payment. When the-note fell due, a new note in renewal of it was given by G. and R. In tie mean time the original notepad been negotiated by T. to a bank. T. discounted the renewal note to B. B. demanded payment, but a new note was given to him by the same makers, reserving title in him, they stating that there were other liens of the same character outstanding on the mule. The bank sued G. in trover and recovered the mule on January 19, 1882, and subsequently on November 4, 1882, resold it to G. under a conditional sale, which was not recorded, and gave possession back to G. On September 19, 1882, B. sued G. for the same property, under his conditional sale, and obtained judgment on October 16, 1883. The sheriff delivered the mule to B., who then sold it, and ■subsequently the bank brought trover against him .
Held, that the bank had the superior title, and B. having been put ¿upon inquiry, and having acted with notice, the bank was entitled to recover from'him the value of the mule.
(a) The judgment in favor the bank against G. bound B. as a privy thereto, his being a younger title from the defendant therein ; but if it did not, on account of irregularity of the memorandum in the justice’s court where it was sued, it is evidence that the possession of the mule then went into the bank.
Judgment affirmed.